# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0935V
UNPUBLISHED

| | |
|---|---|
| JUDSON COSTLOW,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 30, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for respondent.

### **RULING ON ENTITLEMENT**[1]

On June 27, 2019, Judson Costlow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") caused in fact by the influenza vaccine he received on September 16, 2016. Petition at 1, ¶¶ 2, 20. Petitioner further alleges that he received the vaccination in the United States, that he suffered the residual effects of his GBS for more than six months, and that neither Petitioner nor any other party has filed a civil action or received compensation for his GBS, alleged as vaccine caused. *Id.* at ¶¶ 2, 20-22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 30, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.  Although Respondent originally opposed compensation in this case based on his belief that Petitioner had failed to establish that he suffered the residual effect of his GBS for more than six months, upon reviewing the additional evidence provided by Petitioner he now "has determined that [P]etitioner has satisfied this statutory requirement." *Id.* at 2; *see* Section 16(c)(1)(D)(i) (statutory six-month requirement). Respondent further agrees that "[P]etitioner has satisfied all legal requirements for compensation under the Vaccine Act as set forth in the Table and the Qualification and Aids to Interpretation." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master